PALMER, J.
 

 Joseph Tyler (husband) appeals the final dissolution judgment entered by the trial court, contending that the trial court erred in valuing the parties’ marital home for purpose of equitable distribution. Determining that the trial court used an incorrect figure in calculating the value of the marital home, we reverse.
 

 
 *1115
 
 In January 2008, the husband filed a petition to dissolve the parties’ short-term marriage. The matter was referred to a general magistrate. After conducting an evidentiary hearing, the magistrate issued a report and recommendation. The magistrate concluded,
 
 inter alia,
 
 that the value of the marital home at the time of the marriage was $69,470.00 (apparently based on the assessed value of the home at the time of the marriage), and that the market value of the home at the time the petition for dissolution was filed was $125,000.00. The magistrate further concluded that the increase in the value of the home was due to improvements made by the parties during the course of the marriage and, therefore, the wife was entitled to receive a one-half share in the increase of value.
 

 The husband filed exceptions to the magistrate’s report and the trial court held a hearing thereon. At the conclusion of the hearing, the trial court ruled that the $125,000.00 market value of the house was accurate. However, the court further ruled that, in calculating the increase in the value of the home during the course of the marriage, it was improper for the general magistrate to use the 2005 assessed value of the home, rather than the market value of the home. The court explained that the magistrate should have used the market value on both ends. However, the court then mistakenly indicated that the market value of the marital home in 2005 was $79,600.00, when the undisputed evidence showed that the market value in 2005 was $94,540.00. The court awarded each party a one-half interest in the appreciated value of the marital home as calculated by the court ($125,000.00 minus $79,600.00 equaling $45,400.00; thereby entitling each spouse to a $22,700.00 interest). Utilizing the correct value, the increase in the value of the marital home over the course of the parties’ marriage was $80,500.00, thereby entitling each spouse to an interest of $15,250.00.
 

 Accordingly, we reverse the final dissolution judgment and remand this matter to the trial court for correction in the calculation of the increased value of the marital home over the course of the parties’ marriage and for any other adjustment in the equitable distribution scheme which may be appropriate in light of this recalculation.
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.